MULLEN, Respondent, v. DAWARIS, Appellant. (Supreme Court, Appellate Division, Third Department. March 7, 1900.) Action by Thomas Mullen against Jules Dawaris. Judgment for plaintiff. Defendant appeals. Affirmed.

PER CURIAM. Judgment and order affirmed, with costs.

PARKER, P. J. I cannot concur in the conclusion which my Brethren have reached in this case. The action is brought to recover the price agreed to be paid by the defendant for drilling a well upon his premises by the plaintiff. The complaint avers that the work was done under a written contract, which substantially provides that the material shall be furnished and the work done by the plaintiff for the price of $2 per foot, and that the work shall "be continued until a quantity of water satisfactory to the party of the first part is obtained." It is further averred that the plaintiff drilled a well to the depth of 112 feet, and by so doing obtained sufficient water, and that the defendant thereupon received and accepted the said job and contract as fully completed. The amount claimed was $224. The answer admits the contract as alleged in the complaint, and puts in issue all the other allegations therein. Upon the trial the plaintiff was allowed to give evidence tending to show that after two wells had been drilled, and the attempt to get water therein frustrated by the sand, he suggested to the defendant that he had made an earnest effort and failed, and therefore he intended to stop trying and suffer the loss; that the defendant thereupon urged him to make a third attempt, and said to him that he would be satisfied if they got a well "that would furnish water enough for drinking and cooking purposes," and that, if the attempt proved a failure, he would pay $30 towards the expense thereof; that thereupon the plaintiff drilled the third well to the

depth of 112 feet, and procured a well furnishing about 180 gallons an hour; that plaintiff proposed to go 15 or 20 feet further, because the chances were that they would by so doing get a much better well; that the defendant thought the chances were they would run into a sand pocket; that he was satisfied with the water they had got, and the best thing to do was to stop, and he would call it done; and that plaintiff thereupon stopped drilling. All this evidence was received under defendant's objection that it changed the written contract, and was not the one upon which the action was founded. The verdict was for the plaintiff, and from the judgment entered thereon the defendant takes this appeal. The error complained of is that plaintiff has been allowed to recover upon a contract substantially different from the written contract set forth in the complaint. There is no provision in the written contract fixing the number of gallons of water which the well should supply in an hour. The quantity is not specified, save that it should be satisfactory to the defendant. Therefore, if the evidence taken under objection had gone no further than showing that the defendant expressed himself satisfied with a supply of 180 gallons an hour, and directed them to then stop drilling, it would have been entirely consistent with the written contract. It would have borne only upon the question whether that contract had been performed according to its terms, viz. whether the well drilled furnished a supply of water "satisfactory to defendant." But such evidence went further, and showed that after drilling in two different places, and failing in each, the plaintiff declared his purpose to abandon the written contract and suffer the loss. Thereupon a new agreement was made, by which he was required to furnish no more water than was needed for drinking and cooking purposes, and, if he failed to get that, defendant was to share the expense of drilling the third well to the extent of $30. The third well, so called, and being the one for which plaintiff recovered, was put down under this agreement, and clearly it is a decidedly different one from that contained in the written contract. Under the written contract the defendant was at liberty to require a much larger supply of water than the amount which he could ask for under the latter agreement. After giving evidence to show that the well in question was put down under a contract that limited the defendant in his demand for water to so much only as would be needed for cooking and drinking purposes, and for which, presumably, 180 gallons an hour would be ample, the plaintiff proceeded to show that the defendant did declare himself satisfied with that amount; and the jury were substantially instructed, under the defendant's exception, that if they found that such a modified arrangement was made, and that defendant did express himself satisfied with the 180 gallons which the third well supplied, their verdict should be for the plaintiff. This issue was a substantially different one from that tendered by the complaint. The defendant denied that the well in question furnished a supply of water satisfactory to him. He had the right to suppose that such issue would be presented to the jury under a contract that allowed him to

demand as large a supply of water as his wants or desires should indicate. On the trial he is for the first time confronted with the claim that the well was drilled under a contract that required him to accept it if it furnished water sufficient for cooking and drinking purposes only. Under such a contract the jury might very well find that he did accept 180 gallons as sufficient, or they might even find that, whether he did or not accept it, he ought in reason to have done so, inasmuch as it was an ample supply under the terms of the agreement under which the well was drilled. If, however, the question had been presented to the jury whether the defendant had accepted 180 gallons an hour as a performance of the written contract, as it must have been had the issue tendered by the complaint alone been tried, a very different condition would have been presented, and a very different result might have been reached. It may be that, had the defendant been apprised by the complaint that the well was drilled under a contract that no more water than was sufficient for cooking and drinking purposes would be required, he would have been prepared to dispute and discredit that claim. It does not require the citation of authorities to show that a party may not complain upon one contract and recover upon another and substantially different one. I conclude that this judgment should be reversed.